IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TRANSDATA, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC, DENTON MUNICIPAL ELECTRIC, ONCOR ELECTRIC DELIVERY COMPANY LLC, and TEXAS-NEW MEXICO POWER COMPANY,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS. | **CIVIL ACTION NO. 6:10-CV-557**<br><br>**JURY TRIAL DEMANDED** |

## **DENTON MUNICIPAL ELECTRIC'S ANSWER AND COUNTERCLAIMS**

Denton Municipal Electric ("DME") hereby answers the numbered paragraphs of the Complaint of TransData, Inc. ("TransData") as follows:

## **PARTIES**

1. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

1

3. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

4. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5. DME admits that Denton Municipal Electric is the name used for the publicly-owned electric utility of the City of Denton, Texas. DME denies all other allegations contained in Paragraph 5 of the Complaint.

6. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

## JURISDICTION

8. DME admits that the Complaint contains claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. DME admits that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). To the extent any additional allegations exist, DME denies all other allegations contained in Paragraph 8 of the Complaint.

9. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10. DME admits that this Court has personal jurisdiction over DME, and that DME operates within the City of Denton. DME denies all other allegations contained in Paragraph 10 of the Complaint.

11. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

12. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

## **VENUE**

13. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15. DME admits that it is based in Denton, Texas in the Eastern District of Texas. DME denies all other allegations contained in Paragraph 15 of the Complaint.

16.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

17.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17 of the Complaint, and therefore denies them.

## COUNT I

18.  DME realleges and incorporates by reference its answers set forth in paragraphs 1-17.

19.  DME admits that an uncertified copy of a document purporting to be U.S. Patent No. 6,181,294 ("'294 patent") was attached to the Complaint as Exhibit 1.  DME admits that Exhibit 1 is entitled "Antenna for Electric Meter and Method of Manufacture Thereof."  DME admits that Exhibit 1 states on its face that the '294 patent issued on January 30, 2001.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the other allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20.  DME denies the allegations contained in Paragraph 20 of the Complaint.

21.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of the Complaint, and therefore denies them.

23. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Complaint, and therefore denies them.

24. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Complaint, and therefore denies them.

25. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25 of the Complaint, and therefore denies them.

26. DME denies the allegations contained in Paragraph 26 of the Complaint.

27. DME denies the allegations contained in Paragraph 27 of the Complaint.

28. DME denies the allegations contained in Paragraph 28 of the Complaint.

29. DME denies the allegations contained in Paragraph 29 of the Complaint.

30. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 30 of the Complaint, and therefore denies them.

31. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31 of the Complaint, and therefore denies them.

32. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 32 of the Complaint, and therefore denies them.

ATL_IMANAGE-7679990.1

33. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 33 of the Complaint, and therefore denies them.

34. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 34 of the Complaint, and therefore denies them.

35. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 35 of the Complaint, and therefore denies them.

36. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36 of the Complaint, and therefore denies them.

37. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 37 of the Complaint, and therefore denies them.

38. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 38 of the Complaint, and therefore denies them.

## COUNT II

39. DME realleges and incorporates by reference its answers set forth in paragraphs 1-38.

40. DME admits that an uncertified copy of a document purporting to be U.S. Patent No. 6,462,713 ("'713 patent") was attached to the Complaint as Exhibit 2. DME admits that Exhibit 2 is entitled "Antenna for Electric Meter and Method of Manufacture Thereof." DME admits

that Exhibit 2 states on its face that the '713 patent issued on October 8, 2002.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the other allegations contained in Paragraph 40 of the Complaint, and therefore denies them.

41. DME denies the allegations contained in Paragraph 41 of the Complaint.

42. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 42 of the Complaint, and therefore denies them.

43. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 43 of the Complaint, and therefore denies them.

44. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 44 of the Complaint, and therefore denies them.

45. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 45 of the Complaint, and therefore denies them.

46. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 46 of the Complaint, and therefore denies them.

47. DME denies the allegations contained in Paragraph 47 of the Complaint.

48. DME denies the allegations contained in Paragraph 48 of the Complaint.

49. DME denies the allegations contained in Paragraph 49 of the Complaint.

50. DME denies the allegations contained in Paragraph 50 of the Complaint.

ATL_IMANAGE-7679990.1

51. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 51 of the Complaint, and therefore denies them.

52. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 52 of the Complaint, and therefore denies them.

53. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 53 of the Complaint, and therefore denies them.

54. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 54 of the Complaint, and therefore denies them.

55. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 55 of the Complaint, and therefore denies them.

56. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 56 of the Complaint, and therefore denies them.

57. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 57 of the Complaint, and therefore denies them.

ATL_IMANAGE-7679990.1

58.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 58 of the Complaint, and therefore denies them.

59.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 59 of the Complaint, and therefore denies them.

## COUNT III

60.  DME realleges and incorporates by reference its answers set forth in paragraphs 1-59.

61.  DME admits that an uncertified copy of a document purporting to be U.S. Patent No. 6,903,699 ("'699 patent") was attached to the Complaint as Exhibit 3.  DME admits that Exhibit 3 is entitled "Wireless Communication Device for Electric Meter and Method of Manufacture Thereof."  DME admits that Exhibit 3 states on its face that the '699 patent issued on June 7, 2005.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the other allegations contained in Paragraph 61 of the Complaint, and therefore denies them.

62.  DME denies the allegations contained in Paragraph 62 of the Complaint.

63.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 63 of the Complaint, and therefore denies them.

64.  DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 64 of the Complaint, and therefore denies them.

ATL_IMANAGE-7679990.1

65. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 65 of the Complaint, and therefore denies them.

66. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 66 of the Complaint, and therefore denies them.

67. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 67 of the Complaint, and therefore denies them.

68. DME denies the allegations contained in Paragraph 68 of the Complaint.

69. DME denies the allegations contained in Paragraph 69 of the Complaint.

70. DME denies the allegations contained in Paragraph 70 of the Complaint.

71. DME denies the allegations contained in Paragraph 71 of the Complaint.

72. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 72 of the Complaint, and therefore denies them.

73. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 73 of the Complaint, and therefore denies them.

74. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 74 of the Complaint, and therefore denies them.

ATL_IMANAGE-7679990.1

75. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 75 of the Complaint, and therefore denies them.

76. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 76 of the Complaint, and therefore denies them.

77. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 77 of the Complaint, and therefore denies them.

78. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 78 of the Complaint, and therefore denies them.

79. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 79 of the Complaint, and therefore denies them.

80. DME lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 80 of the Complaint, and therefore denies them.

## **RESPONSE TO PRAYER FOR RELIEF**

DME denies that TransData is entitled to any of the relief sought and requests that the Court deny all of the relief sought in the "PRAYER FOR RELIEF".

## AFFIRMATIVE DEFENSES

DME asserts the following affirmative defenses and reserves the right to amend its answer as additional information becomes available:

## FIRST DEFENSE: NON-INFRINGEMENT

81. DME does not infringe, and has not infringed, directly, contributorily, or by inducement any claim of the '294, '713, or '699 patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE: INVALIDITY UNDER 35 U.S.C. §§ 101, 102, 103, and 112

82. The '294, '713, and '699 patents are invalid because the alleged inventions fail to satisfy the conditions of patentability specified in 35 U.S.C. § 101.

83. The '294, '713, and '699 patents are invalid because the alleged inventions fail to satisfy the conditions of patentability specified in 35 U.S.C. § 102.

84. The '294, '713, and '699 patents are invalid because the alleged inventions fail to satisfy the conditions of patentability specified in 35 U.S.C. § 103.

85. The '294, '713, and '699 patents are invalid because the alleged inventions fail to satisfy the conditions of patentability specified in 35 U.S.C. § 112 including, but not limited to, the enablement, best mode, and written description requirements of 35 U.S.C. § 112.

## THIRD DEFENSE: LACHES

86. TransData's tardy attempt to enforce the '294, '713, and '699 patents against DME is barred in whole or part under the doctrine of laches. The purported issue date of the '294 patent is January 30, 2001, almost ten years prior to this filing. The purported issue date of the '713 patent is October 8, 2002, eight years prior to filing this action. The purported issue date of the

'699 patent is June 7, 2005, over five and a half years prior to filing this action. This delay has materially prejudiced DME and is unreasonable and inexcusable.

## FOURTH DEFENSE: EQUITABLE ESTOPPEL

87. TransData's claims for infringement of the '294, '713, and '699 are barred by equitable estoppel.

## FIFTH DEFENSE: WAIVER

88. TransData's claims for infringement of the '294, '713, and '699 are barred by waiver.

## SIXTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

89. TransData's claims for infringement of the '294, '713, and '699 are barred by prosecution history estoppel.

## SEVENTH DEFENSE: MARKING

90. TransData's pre-lawsuit claims for damages are barred, in whole or part, by failure to comply with 35 U.S.C. § 287.

## EIGHTH DEFENSE: FAILURE TO STATE A CLAIM

91. TransData's complaint is barred because it fails to state a claim.

## COUNTERCLAIMS

Defendant and Counterclaimant DME alleges against TransData as follows:

92. Denton Municipal Electric ("DME") is the customer-owned electric utility for the City of Denton, Texas with its principal place of business located at 215 E. McKinney Street, Denton, TX 76201.

93. Upon information and belief, TransData, Inc. ("TransData") is a Texas corporation with its principal place of business at 2560 Tarpley Road, Carrollton, Texas 75006.

94. This Court has personal jurisdiction over TransData pursuant to 28 U.S.C. § 1338(a) and because TransData has voluntarily submitted to this Court's jurisdiction in this action.

95. This Court has subject matter jurisdiction over these claims for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual controversy exists between DME and TransData regarding the non-infringement, invalidity, and unenforceability of the '294, '713, and '699 patents, based upon the allegations asserted against DME in this action.

96. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)-(c) and 1400(b), and because TransData has voluntarily submitted to this Court's jurisdiction in this action.

**FIRST COUNTERCLAIM:  DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '294 PATENT**

97. DME realleges and incorporates by reference the allegations set forth in paragraphs 91-96.

98. An actual controversy exists between DME and TransData regarding the alleged infringement of the '294 patent.

99. DME does not and has not infringed any valid or enforceable claim of the '294 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

100. DME does not and has not infringed the '294 patent literally or under the doctrine of equivalents.

101. This case is exceptional under 35 U.S.C. § 285.

**SECOND COUNTERCLAIM:  DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '713 PATENT**

102. DME realleges and incorporates by reference the allegations set forth in paragraphs 91-101.

14

103. An actual controversy exists between DME and TransData regarding the alleged infringement of the '713 patent.

104. DME does not and has not infringed any valid or enforceable claim of the '713 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

105. DME does not and has not infringed the '713 patent literally or under the doctrine of equivalents.

106. This case is exceptional under 35 U.S.C. § 285.

### THIRD COUNTERCLAIM:  DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '699 PATENT

107. DME realleges and incorporates by reference the allegations set forth in paragraphs 91-106.

108. An actual controversy exists between DME and TransData regarding the alleged infringement of the '713 patent.

109. DME does not and has not infringed any valid or enforceable claim of the '713 patent directly, contributorily, or by inducement pursuant to 35 U.S.C. § 271.

110. DME does not and has not infringed the '713 patent literally or under the doctrine of equivalents.

111. This case is exceptional under 35 U.S.C. § 285.

### FOURTH COUNTERCLAIM:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '294 PATENT

112. DME realleges and incorporates by reference the allegations set forth in paragraphs 91-111.

113. An actual controversy exists between DME and TransData regarding the alleged validity of the '294 patent.

114. The claims of the '294 patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

115. This case is exceptional under 35 U.S.C. § 285.

### FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '713 PATENT

116. DME realleges and incorporates by reference the allegations set forth in paragraphs 91-115.

117. An actual controversy exists between DME and TransData regarding the alleged validity of the '713 patent.

118. The claims of the '713 patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

119. This case is exceptional under 35 U.S.C. § 285.

### SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '699 PATENT

120. DME realleges and incorporates by reference the allegations set forth in paragraphs 91-119.

121. An actual controversy exists between DME and TransData regarding the alleged validity of the '699 patent.

122. The claims of the '699 patent are invalid and void for failure to meet the statutory conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

123. This case is exceptional under 35 U.S.C. § 285.

### SEVENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '294 PATENT

124. DME realleges and incorporates by reference the allegations set forth in paragraphs 91-123.

125. An actual controversy exists between DME and TransData regarding the enforceability of the '294 patent.

126. The claims of the '294 patent are unenforceable for the reasons set forth above in DME's affirmative defenses, including laches, equitable estoppel, waiver, prosecution history estoppel, and unclean hands.

127. This case is exceptional under 35 U.S.C. § 285.

### EIGHTH COUNTERCLAIM: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '713 PATENT

128. DME realleges and incorporates by reference the allegations set forth in paragraphs 91-127.

129. An actual controversy exists between DME and TransData regarding the enforceability of the '713 patent.

130. The claims of the '713 patent are unenforceable for the reasons set forth above in DME's affirmative defenses, including laches, equitable estoppel, waiver, prosecution history estoppel, and unclean hands.

131. This case is exceptional under 35 U.S.C. § 285.

### NINTH COUNTERCLAIM: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '699 PATENT

132. DME realleges and incorporates by reference the allegations set forth in paragraphs 91-131.

133. An actual controversy exists between DME and TransData regarding the enforceability of the '699 patent.

134. The claims of the '699 patent are unenforceable for the reasons set forth above in DME's affirmative defenses, including laches, equitable estoppel, waiver, prosecution history estoppel, and unclean hands.

135. This case is exceptional under 35 U.S.C. § 285.

## JURY DEMAND

136. DME demands a trial by jury on all triable issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, DME prays that the Court:

**A.** Deny all of TransData's claims;

**B.** Dismiss TransData's Complaint with prejudice and order that TransData is entitled to no recovery;

**C.** Declare that DME does not infringe any claim of the '294 patent;

**D.** Declare that DME does not infringe any claim of the '713 patent;

**E.** Declare that DME does not infringe any claim of the '699 patent;

**F.** Declare that each and every claim of the '294 patent is invalid;

**G.** Declare that each and every claim of the '713 patent is invalid;

**H.** Declare that each and every claim of the '699 patent is invalid;

**I.** Declare that the '294 patent is unenforceable;

**J.** Declare that the '713 patent is unenforceable;

**K.** Declare that the '699 patent is unenforceable;

**L.** Declare that TransData's claims are barred by laches;

**M.** Declare that TransData's claims are barred by equitable estoppel;

**N.** Declare that TransData's claims are barred by waiver;

**O.** Declare that TransData's claims are barred by prosecution history estoppel;

**P.** Declare that TransData's claims are barred by unclean hands;

**Q.** Order that this is an exceptional case pursuant to 35 U.S.C § 285 and award DME its attorney fees, expenses, and costs for this action; and

  **R.**  Award DME such other and further equitable or legal relief as this Court deems necessary and proper.

DATED:  January 3, 2011            Respectfully submitted,

| | |
|---|---|
| Paul J. Andre | */s/ Michael E. Jones* |
| PAndre@kslaw.com | Michael E. Jones |
| Lisa Kobialka | State Bar No. 10929400 |
| LKobialka@kslaw.com | mikejones@potterminton.com |
| KING & SPALDING LLP | POTTER MINTON |
| 333 Twin Dolphin Suite 400 | A Professional Corporation |
| Redwood Shores, CA 94065 | 110 N. College, Suite 500 |
| Telephone: (650) 590-0700 | Tyler, Texas 75702 |
| Facsimile: (650) 590-1900 | Telephone: (903) 597-8311 |
| | Facsimile: (903) 593-0846 |

                  **Attorneys for Defendants**
                  **DENTON MUNICIPAL ELECTRIC**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 3, 2011.  Any other counsel of record will be served by facsimile transmission and first class mail.

                  */s/ Michael E. Jones*