UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TRANSDATA, INC., § | |
| § | |
| v. § | |
| § | Civil Action No. 6:10-cv-00557-RWS-JDL |
| DENTON MUNICIPAL ELECTRIC, § | (LEAD CASE) |
| AND ONCOR ELECTRIC DELIVERY § | |
| COMPANY, LLC § | |
| § | |
| § | |

## ORDER

Before the Court is Plaintiff TransData, Inc.'s ("Plaintiff" or "TransData") Motion to Vacate Summary Judgment for enhanced damages. (Doc. No. 226.) Defendants Centerpoint Energy Houston Electric LLC, Denton Municipal Electric, Oncor Electric Delivery Co., and Denton County Electric Cooperative, Inc. d/b/a Coserv Electric (collectively "Defendants") have submitted responses in opposition. (Doc. Nos. 240, 243.) Upon consideration of the parties' arguments, the Court **GRANTS** Plaintiff's Motion (Doc. No. 226).

## BACKGROUND

On October 21, 2010, Plaintiff filed a complaint in the above-identified civil action, alleging infringement of United States Patent Nos. 6,181,234 ("the '234 Patent"), 6,462,713 ("the '713 Patent"), and 6,903,699 ("the '699 Patent"). (Doc. No. 1.) On December 13, 2011, the United States Judicial Panel on Multidistrict Litigation ordered the instant action transferred to the Western District of Oklahoma to be consolidated with related cases. (Doc. No. 110.) On August 28, 2015, the MDL judge granted Defendants' motion for summary judgment of no willful infringement. (W.D. Okla. 5:12-ml-2309, Doc. No. 599, at 8–9.) On December 14, 2015, the Panel on Multidistrict Litigation remanded the instant action back to this Court for further

proceedings. (Doc. No. 112.) On June 21, 2016, Plaintiff filed the instant motion to vacate the MDL judge's August 28, 2015 order granting summary judgment as to no willful infringement. (Doc. No. 226.)

## LEGAL STANDARD

An order on summary judgment is interlocutory. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)). Absent the entry of a final judgment, a court may reconsider an interlocutory order "for any reason it deems sufficient." Fed R. Civ. P. 54(b); *Lavespere*, 910 F.2d at 185. A new decision clarifying the applicable substantive law may justify reexamining a summary judgment order. *Lavespere*, 910 F.2d at 185 (citing *Kenyatta v. Moore*, 623 F. Supp. 220, 222–23 (S.D. Miss. 1985)). When a successor judge replaces another judge, the successor judge holds the same discretion to reconsider an interlocutory order as the first judge. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 728 (5th Cir. 2012) (quoting *Abshire v. Seacoast Products, Inc.*, 668 F.2d 832, 837–38 (5th Cir. 1982)).

## DISCUSSION

Plaintiff argues that the Supreme Court's recent ruling in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*[1] changes the substantive legal standard required for a finding of enhanced damages due to willful infringement. (Doc. No. 226, at 2.) Therefore, Plaintiff contends that the portion of the MDL judge's August 28, 2015 order granting summary judgment of no willful infringement should be vacated. *Id.* at 1.

---

[1] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 14-1513, 2016 WL 3221515 (U.S. June 13, 2016).

In response, Defendants argue that Plaintiff's motion is futile, as Plaintiff has failed to identify any facts that would suggest egregious conduct subject to enhanced damages. (Doc. No. 240, at 4; Doc. No. 243, at 2–4.) Defendants further argue that should Plaintiff's motion be granted, that they should be permitted time to take discovery on the issue of willful infringement and file any relevant motions following the conclusion of discovery. (Doc. No. 240, at 5; Doc. No. 243, at 4.) Defendant CenterPoint presents bifurcation of the issue of willful infringement as an alternative. (Doc. No. 240, at 5.)

The August 28, 2015 order relied exclusively on *In re Seagate Technology, LLC*[2] in granting summary judgment of no willful infringement. (W.D. Okla. 5:12-ml-2309, Doc. No. 599, at 8–9.) Specifically, in granting summary judgment, the MDL judge found "Plaintiff cannot satisfy its burden of establishing by clear and convincing evidence that Defendants' actions were objectively reckless." *Id.* at 9. The Supreme Court expressly rejected this legal standard in *Halo*. *Halo*, 2016 WL 3221515, at *8. In *Halo*, the Court found, the "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.* In doing so, the *Halo* Court expressly abrogated the two-prong test required by *Seagate*. *Id.* at *3. As such, prospectively applying the August 28, 2015 order would not be consistent with the current state of the law on enhanced damages. Thus, the August 28, 2015 grant of summary judgment on Plaintiff's claim of willful infringement is vacated. The remainder of the August 28, 2015 order remains in full effect.

In addition, the question of subjective willfulness under the current state of the law is typically a determination reserved for the jury. Traditionally, the subjective "second-prong" of *Seagate* has been viewed as a question of fact. *Bard Peripheral Vascular, Inc. v. W.L. Gore &*

---

[2] *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc).

*Associates, Inc.*, 682 F.3d 1003, 1006 (Fed. Cir. 2012). Post-*Halo*, at least one court has reasoned that the question of subjective willfulness remains a factual inquiry reserved for the jury. *Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, No. 3:14-cv-02061, Doc. No. 368 at 27 (S.D. Cal. June 17, 2016) (explaining that the Supreme Court in *Halo* did not hold that a jury may not make a finding as to subjective willfulness in denying judgment as a matter of law). This Court agrees. Here, the pre-trial record reveals factual disputes such that the question of subjective willfulness must be decided by the jury. Should Plaintiff fail to present sufficient evidence for a jury determination of subjective willfulness, such failure can of course be the subject of a Rule 50 motion. Ultimately, this Court will decide whether it is appropriate to award enhanced damages in this case, and, if so, in what amount. 35 U.S.C. § 284; *Halo*, 2016 WL 3221515, at *8.

Finally, additional discovery is unnecessary in view of this Order. The instant action has been active since October 21, 2010 and is set for trial to start on July 18, 2016. The parties have already exchanged extensive discovery throughout the course of this litigation and discovery has long been closed. The evidence that will be permitted at trial is only that evidence which has already been disclosed through discovery.

Within **7 days** of this Order, the parties shall jointly submit jury instructions regarding willful infringement.

## CONCLUSION

For the reasons explained herein, the Court **GRANTS** Plaintiff's Motion (Doc. No. 226).

**So ORDERED and SIGNED this 29th day of June, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE