IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRANSDATA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:10cv557 RWS-JDL |
| | § | |
| CENTERPOINT ENERGY HOUSTON | § | |
| ELECTRIC LLC, et al, | § | |
| | § | |
| | § | |
| Defendants. | | |

## ORDER

Before the Court is Defendant Centerpoint Energy Houston Electric LLC's ("Centerpoint") Motion to Supplement its Invalidity Expert Report with Newly-Discovered Evidence (Doc. No. 244). Plaintiff TransData Inc. ("TransData") has filed a response (Doc. No. 270.) Upon consideration, Centerpoint's Motion (Doc. No. 204) is **GRANTED-IN-PART** as set forth herein.

The above-styled action was originally filed in this District on October 21, 2010. Transdata sued Defendants Centerpoint, Denton Municipal Electric ("Denton"), Oncor Electric Delivery Company, LLC ("Oncor"), Denton County Electric Cooperative d/b/a CoServ Electric ("CoServ"), and Texas-New Mexico Power Company[1] for infringement of U.S. Patent Nos. U.S. Patent Nos. 6,903,699 ("the '699 Patent"), 6,492,713 ("the '713 Patent") and 6,181,294 ("the '294 Patent"). On January 27, 2012, this action was transferred to the Western District of Oklahoma. Since that time, this action has been proceeding in multidistrict litigation in that district. On February 22, 2016, the above-listed action was remanded to this Court for trial from

---

[1] Texas-New Mexico Power Company was dismissed on March 28, 2016. (Doc. No. 141.)

1

the Western District of Oklahoma. On March 17, 2016, this Court entered a Scheduling Order setting trial for July 18, 2016. (Doc. No. 128.) Thereafter, the Court severed Defendant Centerpoint into a separate action for trial and retained the July 18, 2016 trial date for the Centerpoint action to be the first trial. (Doc. No. 164.) The parties have been proceeding towards trial on that schedule since that time.

Slightly less than three weeks before trial, on June 28, 2016, Centerpoint filed the instant motion to supplement its invalidity expert report based on newly-discovered evidence. (Doc. No. 244.) Specifically, Centerpoint learned that its indemnitor, Itron, Inc. ("Itron") had discovered new documentary evidence to corroborate Itron's Vectron R300V meter predating the claimed invention of all of the patents-in-suit. (Doc. No. 244, at 1.) During the MDL proceedings, Centerpoint had included the Vectron R300V meter in its invalidity contentions and its initial election of prior art, but its expert did not opine on obviousness or anticipation because Centerpoint had been unable to locate documentary evidence to corroborate testimony that the Vectron R300V predated the patents-in-suit. *Id.* at 5–6. Instead, Centerpoint's expert, Dr. Mihran, provided opinions regarding "simultaneous invention" of the Vectron R300V in his expert report. *Id.* at 6. Despite purported extensive searching during the four years in which discovery was open in the MDL proceedings, including a request to the Federal Communications Commission ("FCC") for the FCC application, Centerpoint and Itron were unable to locate any corroborating evidence for the Vectron R300V. However, on June 23, 2016, just three weeks before trial, an Itron employee found the corroborating FCC document while he was cleaning out filing cabinets in Itron's engineering area. Centerpoint would now like to amend its invalidity expert report to include the Vectron R300V as prior art and admit the corroborating document as evidence at trial.

TransData objects to Centerpoint's requested supplementation and addition of this newly-discovered evidence because Centerpoint was not diligent in its searching, and allowing supplementation would greatly prejudice TransData. (Doc. No. 270, at 6–11.) TransData contends that if Centerpoint was really as diligent as it contends it was in exhaustively searching for corroborating documents, then this evidence would have been discovered much earlier, and certainly not last minute during a "clean-up" project. (Doc. No. 270, 7.) Moreover, TransData submits that allowing Centerpoint to amend a nearly two-year old Final Election of Prior Art to add this reference and the newly discovered evidence would greatly prejudice TransData. (Doc. No. 270, at 8.)

The circumstances presented here certainly show a lack of diligence, particularly where the missing documentation was sitting not with a third-party, but with Centerpoint's own indemnitor. As Centerpoint admits, it identified two other prior art devices it thought it could better corroborate at trial over the Vectron R300V, and vigorously pursued those defenses with the MDL court. (Doc. No. 244, at 5–6.) Perhaps for this reason, Centerpoint stopped its extensive search for corroborating evidence of the Vectron R300V during the four years discovery was open in the Western District of Oklahoma, as it narrowed its prior art elections and defenses. Unfortunately for Centerpoint, its litigation strategy fell short when the MDL judge granted summary judgment in favor of TransData based on Centerpoint's failure to corroborate those two other prior art devices, and excluded those prior art devices as evidence of prior art at trial. (W.D. Okla. 5:12-ml-2309, Doc. No. 588, at 7) ("Defendants will not be permitted to rely on either the ABB/CellNet Device or Innovatec Device as establishing prior art, rendering Plaintiff's patents invalid in the trials in this matter.").) Now, facing a rapidly approaching trial

date before this Court, a search by an Itron employee turned up a corroborating FCC application in the back corner of a dusty file cabinet buried under several binders.

Allowing Centerpoint to add this evidence just one week before trial will force TransData to explore and rebut these claims in short order while preparing for trial resulting in prejudice to Transdata. However, Centerpoint's expert has already opined that the Vectron R300V is evidence of "simultaneous invention," and Centerpoint had provided invalidity contentions as to the Vectron R300V. In other words, the invalidity contentions for this meter, and its relationship to the asserted claims, have been disclosed through discovery; what is new is the corroborating evidence. Therefore, the prejudice to TransData is lessened by the nature of the newly-discovered evidence and can largely be cured through limited expedited supplementation, deposition, and rebuttal prior to Centerpoint's case-in-chief and TransData's rebuttal at trial.[2] The Court will therefore permit the requested supplementation.

Accordingly, Centerpoint shall have up to and including July 11, 2016, to serve a one page supplement to its invalidity expert report and to produce all relevant corroborating documents for the Vectron R300V, to the extent those documents have not already been produced.[3] TransData may take a one hour deposition of Centerpoint's expert on or before July 15, 2016. Additionally, TransData may depose any fact or corporate witness who has knowledge of corroboration of the Vectron R300V, limited to one hour each, by the same date. TransData's expert may then serve a one page supplement to his rebuttal report by July 18, 2016. Any additional deposition designations must be filed by July 18, 2016, and any counter-designations

---

[2] TransData specifically points out prejudice in the form of newly-identified individuals who were involved with document searching and who may have relevant documents, as well as belatedly produced documents and documents that have not yet been produced. (Doc. No. 270, at 8–10.) As discussed herein, the Court finds that these prejudices can be cured by limited additional discovery preceding trial.
[3] This includes production of "Monthly Progress Reports" for all the months in 1997.

4

and objections thereto by July 19, 2016. No additional time allocations for trial will be provided for the addition of this evidence.

**So ORDERED and SIGNED this 7th day of July, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE