**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TRANSDATA, INC., | CIVIL ACTION NO. 6:10-cv-557 (Lead Case) |
| *Plaintiff,* | CIVIL ACTION NO. 6:16-cv-407 |
| vs. | **JURY TRIAL DEMANDED** |
| CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC, *et al.*, | |
| *Defendants.* | |

**AMENDED STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff TransData, Inc. ("TransData") and Defendants Oklahoma Gas & Electric Co.; Alabama Power Co.; Georgia Power Co.; Mississippi Power Co.; Wisconsin Power & Light Co.; San Diego Gas & Electric Co.; Centerpoint Energy Houston Electric, LLC; Denton Municipal Electric; Oncor Electric Delivery Co., LLC; Texas-New Mexico Power Co.; Denton County Electric Cooperative, Inc. d/b/a CoServ Electric; and Tri-County Electric Cooperative, Inc. (collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties"; individually, each a "Party") that, consistent with the terms set forth herein, this Protective Order shall govern the handling of all materials and confidential information produced in this action ("Produced Material"), by any Party or non-Party (the "Producing Party"), including, but not limited to, documents (including electronically stored information) and things produced pursuant to Fed. R. Civ. P. 34 or 45; testimony upon written questions pursuant to Fed. R. Civ. P. 31; testimony adduced at depositions upon oral examination and transcripts, videotapes, and exhibits thereof pursuant to Fed. R. Civ. P. 30; discovery requests and written responses thereto pursuant to Fed. R. Civ. P. 33 or 36; and discoverable materials derived from any of the foregoing.

1

1.    **Definitions.**

(a) <u>Confidential Information</u>.  The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that based on a good faith belief is deemed to constitute or contain information of the Designating Party which is not available to the general public, including, but not limited to, know-how, proprietary data and/or other technical, commercial, business, or financial information, the unrestricted disclosure of which could be potentially prejudicial to the business or operations of said party.

(b) <u>Attorneys' Eyes Only Information</u>. The term "Attorneys' Eyes Only Information" shall mean and include information contained or disclosed in any materials including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, and things the Producing Party believes in good faith constitutes or contains the Designation Party's highly sensitive confidential information which if placed in the hands of a competitor or potential competitor may place the designating party at a competitive disadvantage because said information relates to the designating party's: pricing, financial records, sales strategies, distribution strategies, manufacturing procedures, technical knowledge,

2

unpatented inventions, patent applications, technical development plans and notes, manufacturing secrets, secret processes, formulae, potential customers, and potential distributors, or other confidential and proprietary information, as well as trade secrets relating to the designating party's market plans in its industry.

(c) <u>Materials</u>. The term "Materials" shall include all information, documents and things produced, served or otherwise provided in this action by the Parties or by non-parties, including, but not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matters identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; test data; software; hardware; electronically stored information; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; and models and prototypes and other physical objects.

(d) <u>Designated Material</u>. The term "Designated Material" shall mean Materials that are designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Order.

(e) <u>Designating Party</u>. The term "Designating Party" shall mean a Producing Party that designates information, documents or things that it produces

3

in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY".

(f) <u>Outside Counsel</u>. The term "Outside Counsel" shall mean outside counsel of record in this action, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Haynes and Boone, LLP; Findlay Craft, LLP; Greg Parker of Parker Justiss, P.C.**;** Perkins Coie LLP; Gillam & Smith LLP; Potter Minton, PC; and WilmerHale LLP.

(g)     <u>Patents-in-Suit</u>. The term "Patents-in-Suit" shall mean U.S. Patent Nos. 6,181,294; 6,462,713; and 6,903,699.

**2.      Scope of Protective Order.**

(a) This Protective Order shall govern Confidential and Attorneys' Eyes Only Information that is, directly or indirectly, set forth, revealed, produced, or provided (i) in discovery requests or responses **promulgated under the Federal Rules of Civil Procedure and under the Local Rules of the Western District of Oklahoma, and responses thereto**; (ii) in any materials, documents (including electronically-stored information), things, or premises produced pursuant to, or made available for inspection in response to, a discovery request or subpoena **under the Federal Rules of Civil Procedure or the Local Rules of the Western District of Oklahoma**; (iii) during depositions upon oral or written examination **under the Federal Rules of Civil Procedure or the Local Rules of the Western District of Oklahoma**; (iv) in connection with any other discovery taken in this action, **whether pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Western District of Oklahoma**, informally, or by agreement; (v) in

4

correspondence (including attachments and enclosures) relating to this litigation; (vi) in submissions to or before the Court, including testimony, briefs, exhibits and declarations; (vii) in response to any Order of the Court; and (viii) in connection with any mediation or settlement negotiation. This Protective Order shall also govern the handling of documents, and all other forms of recorded information, containing or derived from the contents of any Confidential or Attorneys' Eyes Only Information. This Protective Order also shall govern any oral or written conveyance of the contents of any Confidential or Attorneys' Eyes Only Information. This Protective Order also shall apply to (i) Confidential or Attorneys' Eyes Only Information inadvertently or unintentionally produced without designation consistent with the provisions set forth in Paragraph 11 and (ii) inadvertently or unintentionally produced privileged information consistent with the provisions set forth in Paragraph 12. Notwithstanding the foregoing, if a party has already produced material to another party in this case, that party is not required to redesignate any of the material unless a challenge has been made to the designation as provided in ¶5. However, the definitions provided in this protective order shall apply for the purpose of any challenge to the designation of any material regardless of when produced.

(b) This Protective Order has no effect upon, and shall not apply to, (i) any Producing Party's use of its own Confidential or Attorneys' Eyes Only Information for any purpose; (ii) any person or Party's use of documents or other information developed or obtained independently of discovery in this litigation for any purpose, whether or not such documents or other information also were

5

produced in this litigation; (iii) information that is or becomes part of the public domain through no breach of the provisions of this Protective Order; or (iv) information that is disclosed by a third party without restriction as to disclosure, provided such third party has the right to make the disclosure.

3.      **Designations.**

(a) Each Party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Any Party may designate materials as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" only if, in good faith belief of such Party and its counsel, the Party has not already made the information publicly known and the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such Party. In the event that additional designations are needed, the Parties agree that this Protective Order may be modified to incorporate any such needed additional designations. The scope of any such additional designations, and the associated restrictions on access to information subject to any such additional designations, will be agreed upon by the Parties as needed in accordance with Paragraph 17.

(b) Materials designated as "ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," **"CONFIDENTIAL – OUTSIDE**

**ATTORNEYS' EYES ONLY,"** or the like shall be treated under this Protective Order as if they are designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

4.      **Designation of Materials.**

The designation of Materials as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for purposes of this Protective Order shall be made in the following manner:

(a)      <u>Hard Copy / Written Material</u>. With regard to any hard copy/written material (including transcripts of depositions or other testimony and discovery requests and responses), a legend containing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be affixed to each page containing such information or, if all pages are to be treated in the same manner, on the cover page of the document or material. Non-written material may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by advising the other party in writing of such designation with sufficient particularity to describe the specific designated material.

(b) <u>Electronically-Stored Information</u>. With regard to any electronically stored information produced in a searchable format, a legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be included on each image containing any such information. With regard to electronically-stored information produced in a format other than searchable .tiff, such as a native file, an appropriate legend shall be included on each image, page, or document to the extent practicable. Where it is not practicable on these native files to include a legend on each image, page, or document, the party may either provide a corresponding document with the list of the

7

confidentiality designations for the corresponding native files or an appropriate legend shall be affixed to the CD or other media on which the Producing Party produces the electronically-stored information. Any printout made from the CD or other media shall be immediately and conspicuously marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," consistent with the document list or legend affixed to the CD or other media, and also with a unique page identifier. If the above designation methods described in this section 4(b) are not feasible, or upon consent of the parties, electronically-stored information may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by advising the other party in writing of such designation with sufficient particularity to describe the specific designated **electronically-stored information**.

(c) <u>Materials, Things, and Premises Produced for Inspection</u>. When files and records are produced for inspection, no legend need be affixed in advance of the inspection. For purposes of the initial inspection, all Produced Material shall be considered designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Thereafter, the Producing Party shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," and upon a selection of specified documents for copying by the inspecting Party, a legend in the form set forth in Paragraph 4(a) shall be affixed to each page containing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information.

(d) <u>Depositions or Other Testimony</u>. Deposition testimony or other pre-trial testimony (including exhibits) may be designated as "CONFIDENTIAL" or

"CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the deposition (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in the Action within **ten** (10) days after receipt of the final deposition transcript from the court reporter. **Until the expiration of ten (10) days after the receipt of any copy (draft or final) of the deposition transcript from the court reporter, the entire transcript shall be treated as Attorneys' Eyes Only Information.** If such designation is made after the deposition has concluded, the designating party shall provide written notice to all parties and to the court reporter of such designation by listing the page and line numbers of the transcript containing the testimony so designated. For any deposition transcript in which any portion of the testimony has been designated as containing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY", the court reporter shall imprint the designation on each page of the original deposition transcript so designated and shall seal those pages of the original transcript in a separate envelope from those pages of the original transcript which have not been so designated. In addition, each person authorized to receive a copy of a deposition transcript containing testimony that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY", shall imprint the designation on each page of all copies of the transcript so designated. All portions of deposition transcripts not designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY", shall be deemed not confidential. **The Designating Party shall have the right to exclude from attendance at any deposition, during such time as the Confidential or Attorneys' Eyes Only Information is to be disclosed, any person who is not permitted to receive such**

9

**Confidential or Attorneys' Eyes Only Information under this Protective Order.** The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

**5.      Challenges to Confidentiality Designations.**

At any stage of these proceedings, any Party may object to a designation of materials. The objecting Party shall notify, in writing, counsel for the Producing Party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually within seven (7) business days of receipt of such a notice of objections, the objecting Party may move the Court for a ruling on the objection. The Designating Party shall have the burden to show that the materials are properly designated. The materials at issue shall be treated as designated by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

**6.      Disclosure and Use of Designated Materials.**

Designated Materials shall be used solely for the purpose of this litigation and not for any other purpose, and shall be disclosed only to those persons identified in this Paragraph.

(a)      Materials designated as "CONFIDENTIAL" shall be viewed only by Outside Counsel of the receiving Party, by independent experts (pursuant to the terms of Paragraph 7), and by the additional individuals listed below, provided each such individual has read this Protective Order in advance of disclosure and has agreed in writing to be bound by its terms according to Paragraph 7:

(i)      Executives of the Parties who are required to participate in policy decisions with reference to this action;

10

(ii)     Attorneys or members of the legal staff of the Parties involved in this action, including those who are involved in the research and development of technology or that manage or participate in the prosecution of patents;

(iii)    Litigation vendors, e-discovery vendors, and contract attorneys, ("Vendors") retained for the purpose of outside photocopying and/or imaging, database hosting, document coding and/or document review, graphics, translation, and/or graphic design services retained by Outside Counsel, to the extent necessary to assist such counsel in this litigation. Vendors may not utilize any CONFIDENTIAL information for any purpose not expressly prescribed in this paragraph or otherwise agreed to by the parties in writing. The Vendors shall agree in writing that they will be subject to the contempt powers of this Court. Moreover, Vendors shall agree in writing to the jurisdiction of this Court for enforcement of this Order and for any action resulting from a violation of this Order;

(iv)    Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition or trial;

(v)     Stenographic and clerical employees associated with the individuals identified above;

(vi)    Witnesses at deposition and/or trial who have had access to or who were authorized to have access to such material, provided that such witnesses may ot retain copies of Designated Material unless permitted by other provisions of this Order; and

(vii) Mock jurors or persons used in focus groups.

{A12/08642/0001/W1414087.1 }

(b)   <u>Materials designated as "CONFIDENTIAL—ATTORNEYS'
EYES ONLY"</u> shall be viewed only by Outside Counsel of the receiving Party, by
independent experts (pursuant to the terms of Paragraph 7), and by the additional
individuals listed below, provided each such individual has read this Protective Order in
advance of disclosure and has agreed in writing to be bound by its terms according to
Paragraph 7:

(i)   Vendors retained for the purpose of outside photocopying
and/or imaging, database hosting, document coding and/or document review, graphics,
translation, and/or graphic design services retained by Outside Counsel, to the extent
necessary to assist such counsel in this litigation. Vendors may not utilize any
<u>CONFIDENTIAL—ATTORNEYS' EYES ONLY</u> information for any purpose not
expressly prescribed in this paragraph or otherwise agreed to by the parties in writing.
The Vendors shall agree in writing that they will be subject to the contempt powers of
this Court. Moreover, Vendors shall agree in writing to the jurisdiction of this Court for
enforcement of this Order and for any action resulting from a violation of this Order;

(ii)   Stenographic and videotape court reporters engaged in
proceedings incident to preparation for deposition or trial;

(iii)   Stenographic and clerical employees associated with the
individuals identified above;

(iv)   Witnesses at deposition and/or trial who have had access to
or who were authorized to have access to such material, provided that such witnesses
may not retain copies of Designated Material unless permitted by other provisions of this
Order; and

12

(vii)    Mock jurors or persons used in focus groups.

(v)      any other person only upon order of the Court or with consent or upon stipulation of the party that designated the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information.

(c) Court Personnel. A receiving Party may disclose any Designated Material to Court personnel involved with this litigation;

(d) Drafters and Recipients. With respect to material designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author, a recipient of a copy thereof, or shown to previously have had access to the document may be shown the same.

(e) Custody of Produced Materials. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by the Producing Party, and any and all reproductions thereof, shall be retained in the custody of Outside Counsel for the receiving Party identified in Paragraph 1(f), except that independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

**7.      Undertaking.**

(a)      All proposed experts, consultants, and jury or trial consultants may receive Designated Materials only after the following conditions have been satisfied: (i) the proposed recipient has executed the undertaking attached hereto as Exhibit A; (ii) the undertaking has been served on the Producing Party together with the following information (A) any and all current professional relationship(s) with any of the Parties,

13

any known competitor of the Parties, any Person or entity involved in the electric meter industry, or any known affiliate of any of the foregoing Persons or entities and (B) for experts or consultants, a curriculum vitae showing: (a) employment/consulting history, including any prior employment or affiliation with any of the Parties, any known competitor of the Parties, any Person or entity involved in the electric meter industry, or any known affiliate of any of the foregoing Persons or entities; (b) publications; and (c) prior testimony, including deposition and trial testimony; and (iii) the Producing Party has approved the recipient pursuant to Paragraph 7(b) or the Court has ruled on an application that the proposed recipient may receive the Designated Material. To the extent that the specific identification of an expert's or consultant's client cannot be provided due to a confidentiality agreement, or otherwise, the Party seeking to make the disclosure must provide sufficient information so that the Producing Party can reasonably assess any concerns regarding the disclosure of such information to such expert or consultant.

      (b)     The Producing Party shall have ten (10) calendar days after notice complying with the requirements of Paragraph 7(a) is received to object to the disclosure of its Confidential or Attorneys' Eyes Only Information to the person(s) identified. Any objection shall be made in good faith, stating with particularity the reasons for the objection, and must be served in writing on all Parties; failure to object within the period referenced above shall be deemed approval, and the person(s) shall thereafter be qualified to have access to Designated Materials of the Producing Party. Should the Parties be unable to resolve any objection, then the Party objecting to the disclosure may raise this matter with the Court and request an Order restricting such person's access; failure of the

{A12/08642/0001/W1414087.1 }

objecting Party to raise the matter with the Court within twenty (20) calendar days of making its initial written objection described herein shall be deemed approval, and the person(s) shall thereafter be qualified to have access to such information.

      (c)    The internal administrative and clerical staff of an outside consultant or expert identified pursuant to this Paragraph 7 shall be deemed to have signed the undertaking in the form of Exhibit A when the outside expert or consultant supervising such individuals has executed the undertaking.

**8.**    **Filing Under Seal**

      Pursuant to this order, materials properly designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" whether produced in discovery, answers to interrogatories, response to requests for admissions, deposition transcripts, or otherwise and are filed with the Court of any purpose, shall be filed under seal without needing to seek leave. The Parties will follow and abide by the applicable law and local rules with respect to filing documents under seal in this Court.

**9.**    **Maintenance of Confidential and Attorneys' Eyes Only Information.**

      All Confidential and Attorneys' Eyes Only Information shall be held in confidence by those inspecting or receiving it, and it shall be used only for purposes of this action. Counsel for each Party, and each person receiving such information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

**10.**    **Unauthorized Disclosure.**

      (a)    If Confidential or Attorneys' Eyes Only Information is disclosed to any person other than in the manner authorized by this Protective Order (an "Unauthorized Person"), the Party responsible for the unauthorized disclosure, and any Party with knowledge of the unauthorized disclosure shall, immediately upon learning of

such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, the identification of the Designated Materials disclosed and the Unauthorized Persons to whom the disclosure was made.

(b)     The Party responsible for the unauthorized disclosure shall also promptly take all reasonable measures to recover the Designated Materials disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such Designated Materials is made by doing the following, without limitation: (i) promptly informing the Unauthorized Person that the disclosed information contains Confidential or Attorneys' Eyes Only Information and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form attached as Exhibit A (to be promptly provided to the Producing Party); and (iii) retrieving all copies of the Designated Materials disclosed to the Unauthorized Person. The Producing Party and Party that disclosed the Designated Materials without authorization shall cooperate in good faith in this effort.

(c)     Any person found to have made an impermissible use of any Confidential or Attorneys' Eyes Only Information will be subject to, without limitation, appropriate civil penalties, including contempt of court.

(d)     No Party shall be responsible to another Party for disclosure of Confidential or Attorneys' Eyes Only Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

## 11.     Inadvertent Disclosure of Confidential or Attorneys' Eyes Only Information.

If a Party, through inadvertence, produces any Confidential or Attorneys' Eyes Only Information without labeling or marking or otherwise designating it as such in accordance

{A12/08642/0001/W1414087.1 }

with this Protective Order, the designating Party may give written notice to the receiving Party that the document or thing produced is deemed to be Confidential or Attorneys' Eyes Only Information, and that the document or thing produced should be treated as such under this Protective Order. The receiving Party must treat the materials accordingly, once the designating Party so notifies the receiving Party. If the receiving Party has disclosed the materials before receiving the designation, the receiving Party must notify the designating Party in writing of each such disclosure. Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials.

**12.**     **Inadvertent Disclosure of Privileged or Protected Information.**

Any document(s), tangible thing(s), or information that a Party inadvertently produces that the Party believes is immune from discovery pursuant to attorney-client privilege, work product immunity, or any other privilege or immunity, shall be governed by the Federal Rules.

**13.**     **Termination of Access.**

(a) In the event that any person or Party ceases to be engaged in the conduct of this litigation, such person's or Party's access to any and all Confidential and Attorneys' Eyes Only Information shall be terminated. In addition, all copies of such information shall be returned to the Producing Party or destroyed as soon as practicable, and no later than forty-five (45) calendar days, after such person or Party ceases to be engaged in the conduct of this litigation, and such person or Party shall notify the Producing Party in writing of its compliance with this Paragraph.

(b) The provisions of this Protective Order shall remain in full force and effect as to any person or Party who previously had access to any Designated Materials,

17

except as may be specifically ordered by the Court or consented to by the Producing

Party.

**14.      Termination of Litigation.**

(a) Within sixty (60) days of final termination of this action, including any

and all appeals, counsel for each Party shall certify to the other Parties that counsel and

the Party that counsel represents have destroyed or returned all Designated Materials to

the Party that produced the information, including any copies, excerpts, and summaries

thereof and has purged all such information from all machine-readable media on which it

resides. Notwithstanding the foregoing, counsel for each Party may retain all pleadings,

briefs, memoranda, motions, and other documents filed with the Court that refer to or

incorporate Designated Materials, and will continue to be bound by this Protective Order

with respect to all such retained information. Further work product materials that contain

Designated Materials need not be destroyed, but, if they are not destroyed, the person in

possession of the work product will continue to be bound by this Protective Order with

respect to all such retained information.

(b) This Protective Order shall survive the termination of this action and

the Court shall retain jurisdiction to enforce its terms and to make such amendments and

modifications to this Protective Order as may be appropriate. Notwithstanding the

foregoing, a Party may seek the written permission of the Producing Party or further

order of the Court with respect to dissolution or modification of this Protective Order.

**15.      Limitations on Scope of Protective Order.**

(a)      The restrictions and obligations set forth herein shall not apply to

any information that (a) the Parties agree or the Court rules should not be designated as

"CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY;" (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving Party's legitimate knowledge independently of the production by the designating Party.

(b)     The restrictions and obligations herein shall not be deemed to prohibit discussions of any CONFIDENTIAL or ATTORNEYS' EYES ONLY Information with anyone if that person already has, has had, or obtains legitimate possession thereof.

(c)     Nothing herein shall be construed to prevent disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Information if such disclosure is required by law or by order of the Court.

(d)     Nothing herein is intended to prohibit or restrict in any way a Party's or its counsel's use or distribution of its own information, including its own CONFIDENTIAL and ATTORNEYS' EYES ONLY Information.

(e)     This Protective Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of CONFIDENTIAL or ATTORNEYS' EYES ONLY Information. The existence of this Protective Order shall not be used by either Party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

(f)     Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon

19

any information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" provided that the contents of the information shall not be disclosed.

(g)     Nothing herein shall prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as work product.

(h)     Nothing herein shall be construed in any way as an admission or agreement by any party that such information constitutes or contains confidential, proprietary, or trade secret information under applicable law.

(i)     Nothing herein shall prejudice in any way the rights of a party to seek a determination by the Court whether any discovery material or CONFIDENTIAL INFORMATION should be subject to the terms of this Protective Order.

(j)     Nothing herein shall prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information.

(k)     Nothing herein shall prevent the parties to this Protective Order from agreeing to alter or waive the provisions and protections provided for herein with respect to any discovery material.

**16.     Notice**

Transmission by e-mail is acceptable for all notification purposes herein.

**17.     Modification of Protective Order.**

(a)     The Parties may agree to amend this Protective Order in the event that modifications become necessary during the course of the litigation. Any proposed modification requires the agreement of all Parties in order to be incorporated in this

20

Protective Order. One or more Parties may move the Court to modify the Protective Order if an agreement on proposed modifications cannot be reached among all Parties.

(b) The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

## 18.   Court Testimony

CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall not lose its status as CONFIDENTIAL or ATTORNEYS' EYES ONLY information through use in any court proceeding in the Action, or any appeal therefrom; provided, however, that unless the parties take appropriate steps at the time to preserve its confidentiality, CONFIDENTIAL or ATTORNEYS' EYES ONLY information or the substance of such material that is disclosed in open court by being discussed, testified to or prominently displayed may thereby lose its confidential status.

## 19.   Disclosure of Confidential Information in Other Actions.

In the event that a person or Party subject to this Agreement receives a subpoena related to another action that seeks the production of CONFIDENTIAL or ATTORNEYS' EYES ONLY information (which was produced by another party or non-party in this action), the recipient shall, within not more than five (5) calendar days, provide notice to the Designating Party. To the extent permitted by law, the recipient shall not produce the CONFIDENTIAL or ATTORNEYS' EYES ONLY information at issue for at least fifteen (15) days from the date the recipient receives the subpoena and shall cooperate fully with the designating party in contesting the subpoena.

## 20.   Prosecution Bar.

Any person reviewing another party's Attorneys' Eyes Only Information that relates to technical information concerning current or proposed product or system designs

("Prosecution Bar Material") shall be barred from being substantively involved in the preparation or prosecution of patent applications related to electric metering technology, including but not limited to providing any advice, counseling or drafting of claims for any patent application, reexamination, or reissue application. This Prosecution Bar set forth herein shall last for a period commencing upon receipt of such Prosecution Bar Materials and ending three years following the conclusion of this case, including any appeals. The Prosecution Bar set forth herein shall be personal to any attorney who reviews Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm. It is expressly agreed that attorneys who work on this matter without reviewing any Prosecution Bar Material shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar. Nothing in this provision shall prevent any attorney from sending non-confidential prior art to an attorney or agent involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government). Further, nothing in this provision shall prohibit any Outside Counsel from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client(s).

21.   **Sanctions.**

Violations of this Protective Order shall be subject to the contempt powers of the Court and such other sanctions as the Court may deem appropriate. The parties, and non-parties identified above, recognize and agree that the designating party contends that the disclosure or use of it CONFIDENTIAL or ATTORNEYS' EYES ONLY information other than as designated under this Protective Order will cause the designating party to suffer irreparable harm.

{A12/08642/0001/W1414087.1 }

## 22.     Jurisdiction of the Court.

The Parties, all persons subject to discovery in these proceedings, and all persons who receive CONFIDENTIAL or ATTORNEYS' EYES ONLY Information pursuant to this Protective Order consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Protective Order. The Court hereby retains jurisdiction to interpret and enforce this Protective Order during the pendency of this action and following dismissal, if any, and further retains jurisdiction to modify, amend, or make additions to this Protective Order as it may from time to time deem appropriate.

{A12/08642/0001/W1414087.1 }