# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| TRANSDATA, INC., | § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. |
| v. | § § | 6:10-cv-00557-RWS-JDL |
| DENTON MUNICIPAL ELECTRIC and ONCOR ELECTRIC DELIVERY COMPANY, LLC, | § § § § | JURY TRIAL DEMANDED **(LEAD CASE)** |
| *Defendants.* | § § | |
| TRANSDATA, INC., | § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. |
| v. | § § | 6:11-cv-00113-RWS-JDL |
| DENTON COUNTY ELECTRIC COOPERATIVE, INC., d/b/a COSERV ELECTRIC, | § § § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § | |
| TRANSDATA, INC., | § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. |
| v. | § § | 6:16-cv-00407-JDL |
| CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC, | § § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § | |

**JOINT MOTION FOR SECOND PRETRIAL CONFERENCE**

The parties respectfully request the Court to schedule a second Pretrial Conference to address various objections to exhibits. During the June 30, 2016 Pretrial Conference, the parties requested permission to meet and confer regarding exhibits in light of the Court's rulings on Motions *in Limine* to narrow their objections and limit the remaining issues to be decided by the Court. While the parties have narrowed their disputes substantially, the Court's guidance and rulings on the parties' remaining objections would allow the parties to more efficiently present their cases to the jury. Therefore, the parties respectfully request a second Pretrial Conference any time between July 11-15, 2016. The parties anticipate that the second Pretrial Conference should last no more than two hours. A list of objections and issues to be addressed are as follows:

### TransData's Identification of Issues

- Defendants' identification of at least 32 exhibits as alleged "state of the art" references that exceed the scope of Defendants' Final Election of Prior Art, Invalidity Contentions, or both. These exhibits include DTX 1, DTX 3, DTX 20, DTX 24-DTX 27, DTX 30-DTX 37, DTX 39-DTX 46, DTX 56-DTX 58, DTX 64, DTX 78, DTX 101, DTX 114, DTX 126, and DTX 251. TransData contends that the Court's Orders on Motions *in Limine* allows Defendants to refer to only a few alleged "state of the art" demonstratives, but that such demonstratives should not come into evidence.

- Defendants' identification of at least seven exhibits that relate or refer to ABB, CellNet, Innovatec, or some combination of the three. These exhibits include DTX 12, DTX 28, DTX 33, DTX 45, DTX 60-DTX 61, DTX 114, and DTX 251. TransData contends that the Court's Orders on Motions *in Limine* do not permit Defendants to introduce or use any of these exhibits or any document relating or referring to ABB, CellNet, or Innovatec without at least appropriate redactions. To date, TransData has not received any proposed redactions from Defendants.

- Defendants' identification of at least nine exhibits that relate to materials extrinsic to the four corners of settlement and license agreements to the TransData Patents. These exhibits include DTX 133-DTX 137, DTX 164, DTX 181, DTX 194-DTX 195. TransData contends that the Court's Orders on Motions *in Limine* do not permit Defendants to introduce or use any of these exhibits at trial.

- Defendants' identification of three exhibits authored by representatives of England & Co. that allegedly relate to alleged valuations of TransData, Inc. These exhibits are DTX

127, DTX 140, and DTX 234.  Among other objections, TransData contends that these documents constitute hearsay and should therefore not be admitted into evidence.

- Outside of the above four blocks of exhibits, TransData has only objected to 19 other exhibits for various reasons and TransData expects that the Court can address its remaining objections quickly.

- Defendants' various objections to TransData exhibits constituting Reexamination Certificates – PX 0004-0009.

- Defendants' various objections to TransData exhibits constituting invoices for patented meters – PX 0033-36, PX0178-179.

- Defendants' various objections to TransData exhibits constituting Visitor Logs—PX 0081.

- Defendants' various objections to TransData exhibits relating to standard license rates in the industry – PX 0092-94.

- Defendants' various objections to TransData exhibits constituting technical documents relating to Accused Products—PX 0129, PX 0131.

- Defendants' various objections to TransData exhibits constituting CenterPoint contracts for Accused Products and purchase orders for same – PX 0157-167, PX 0169, PX 0195-196

## CenterPoint's Identification of Issues

- TransData's identification of at least 23 exhibits apparently for the purpose of showing the benefits of smart grids and automatic meter reading.  While CenterPoint understands the Court's order on the MIL, CenterPoint thinks that 23 documents is excessive and unfairly prejudicial and they should be narrowed.

- TransData's identification of at least 15 of CenterPoint's financial reports. While CenterPoint understands the Court's order on the MIL, and CenterPoint maintains its objections to these documents, but in addition, 15 of these exhibits is excessive and unfairly prejudicial and they should be narrowed.

- TransData's exhibits unrelated to CenterPoint: PX0033, 34, 36, 46, 92, 93, 134

- TransData's identification of Defendants' claim construction brief as an exhibit: PX0091

- TransData's plaque and poster are hearsay and are unfairly prejudicial; they should not be admitted into evidence: PX1016, PX1017

- TransData's identification of valuation models authored by third-party McKinsey & Co, which are massive spreadsheets not suitable for printing: PX1020

- Finally, CenterPoint requests guidance on discovery responses generally, and also regarding the specific issue that at least some discovery responses include information from other defendants not included in the CenterPont trial.

Dated: July 8, 2016                                      Respectfully submitted,

/s/ *Jamie McDole*
Eric H. Findlay
Texas State Bar No. 00789886
**FINDLAY CRAFT, P.C.**
102 North College Avenue, Suite 900
Tyler, Texas 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com

Jamie McDole
Texas State Bar No. 24082049
Phillip B. Philbin
Texas State Bar No. 15909020
Charles M. Jones II
Texas State Bar No. 24054941
Hamilton C. Simpson
Texas State Bar No. 24083862
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
jamie.mcdole@haynesboone.com
phillip.philbin@haynesboone.com
charlie.jones@haynesboone.com
hamilton.simpson@haynesboone.com

**ATTORNEYS FOR PLAINTIFF TRANSDATA, INC.**

| | |
|---|---|
| William F. Lee, *pro hac vice* <br> Cynthia D. Vreeland, TX Bar No. 20625150 <br> Michael J. Summersgill, *pro hac vice* <br> Mary ("Mindy") Sooter, *pro hac vice* <br> WILMER CUTLER PICKERING <br>  HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> (617) 526-6000 <br> William.Lee@wilmerhale.com <br> Michael.Summsergill@wilmerhale.com <br> Cynthia.Vreeland@wilmerhale.com <br> Mindy.Sooter@wilmerhale.com | /s/ *Michael J. Summersgill* <br> Ramsey M. Al-Salam, WA Bar No. 18822 <br> Christina J. McCullough, WA Bar No. 47147 <br> Stevan R. Stark, WA Bar No. 39639 <br> PERKINS COIE LLP <br> 1201 Third Avenue, Suite 4900 <br> Seattle, WA 98101-3099 <br> Tel: (206) 359-8000 / Fax: (206) 359-9000 <br> Email: RAlsalam@perkinscoie.com <br> Email: CMccullough@perkinscoie.com <br> Email: SStark@perkinscoie.com <br> <br> Michael E. Jones, TX Bar No. 10929400 <br> POTTER MINTON, PC <br> 110 North College, Suite 500 <br> Tyler, TX 75702 <br> Tel: (903) 597-8311 / Fax: (903) 593-0846 <br> Email: mikejones@potterminton.com <br> <br> **ATTORNEYS FOR DEFENDANT** <br> **CENTERPOINT ENERGY HOUSTON** <br> **ELECTRIC, LLC** |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served via ECF on all counsel of record who have consented to electronic service according to the Federal Rules of Civil Procedure on this the 8th day of July, 2016.

/s/ *Jamie McDole*
Jamie McDole